23-7066
*Liu v. Blanche*

BIA
Poczter, IJ
A206 583 084

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-six.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

BI XI LIU,

*Petitioner,*

v. 23-7066
NAC

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

*Respondent.**

_____

*The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONER:**    Richard Tarzia, Law Office of Richard Tarzia, Belle Mead, NJ.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bi Xi Liu, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Xi Liu*, No. A 206 583 084 (B.I.A. Aug. 30, 2023), *aff'g* No. A 206 583 084 (Immigr. Ct. N.Y.C. Mar. 1, 2019). The IJ's decision was largely based on his determination that Liu's testimony was not credible. The IJ relied on inconsistencies between Liu's statements during an asylum interview and his testimony before the IJ; Liu's unresponsiveness to certain questions; and Liu's failure to produce corroborating evidence for his claims. We assume the parties' familiarity with the underlying facts and

procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings, "including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.

3

2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination given multiple inconsistencies between Liu's statements to an asylum officer and his hearing testimony. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Liu made statements that he entered the United States in August 2013, but also that he was in China in June 2014. He told the asylum officer his younger brother bought his plane ticket to the United States, but testified that he used a snakehead, did not know who paid for his ticket, and that his brother did not help him "in any way." Cert. Admin. R. 110-11. He told the asylum officer he decided to become a Christian because, "after [he] had contact with Christianity[,] [his] bad temper improved and [he] stopped drinking and smoking," *id.* at 125, but he testified he became a Christian because he "had so much pressure at work" and was depressed, *id.* at 99, and when questioned, he denied having other problems, habits he was trying to quit, or a problem with alcohol, *id.* at 99-100, 106. He made inconsistent statements about where he practiced Christianity in China. And, at his 2017 interview, he told the asylum

4

officer that the police last approached his wife in March 2013, but he testified that the police went to his house in June 2014.

The agency was not compelled to credit Liu's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). He argues that he was "clearly merely . . . confused" about the question when he indicated that he was in China in June 2014, but he had multiple opportunities to clarify. Petitioner's Br. 6-7. He asserts that the different reasons why he became a Christian are compatible, but that does not explain why he did not mention his drinking at the hearing after questions prompting him to do so. He has not explained why he testified that the services rotated between the homes of two different people without mentioning a location he identified during his interview despite being asked if he "always went to one of two houses." Cert. Admin. R. 102. And his asylum interview was in March 2017, so he would have known by then if the police had gone to his home in June 2014. He has offered no explanation for his conflicting accounts of who paid for his travel to the United States.

5

The adverse credibility determination is bolstered by the IJ's finding that Liu's lack of responsiveness to certain questions indicated that he "was prepared to tell a memorized story in a certain manner, and when questions forced him to deviate from his memorized script, he was unable to do so." *Id.* at 44; *see Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems . . . suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question"). And as the IJ found, when asked how he practiced Christianity in China and later how he practiced it in the United States, Liu initially addressed why he started practicing and how he found a church in the United States; only when asked again did he say he read the Bible, prayed, sang, and listened to preaching.

Finally, the IJ reasonably relied on the lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that

6

has already been called into question."). The IJ did not err in declining to give weight to affidavits from Liu's wife, mother, fellow church member, cousin, and friend as the affiants were not available for cross-examination, the affidavits contained similar language, and they were not detailed enough to resolve the inconsistency about when the police last visited Liu's home. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the applicant's spouse]) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'").

Because Liu's claims for asylum, withholding of removal, and CAT relief relied on the same facts, the adverse credibility determination is dispositive of all three forms of relief. *See Hong Fei Gao*, 891 F.3d at 76. Because the adverse credibility determination is dispositive, we do not reach Liu's challenge to the agency's alternative determination that, even assuming credibility as to Liu's

practice of Christianity in the United States, he did not establish a well-founded fear of persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>